Hawk
v.
Taylor.

### HAWK vs. TAYLOR.

Where a motion is made for judgment as in case of nonsuit, and the plaintiff shows that no cause of as young an issue was tried at the circuit, the motion will be denied.

November 21.　　S. M. WOODRUFF moved for judgment as in case of non-suit. *J. Edwards* read an affidavit that no cause of as young an issue as this was tried at the circuit.

Whereupon the motion was denied, and the costs of the motion ordered to abide the event of the cause.

---

### Ex parte GREEN vs. ONEIDA COMMON PLEAS.

Where a suit is commenced by declaration, in the common pleas of one county, the copy of such declaration cannot be served on the defendant whilst in another county.

November 21.　　A suit was commenced in the Oneida common pleas by the relator against one White, by the filing of a declaration. White's domicil was in the *county of Oneida*, but he was engaged at the time in the building of a house in the *county of Madison*, where a copy of the declaration was served upon him. Upon this service a default was entered, judgment obtained, and execution issued. On the motion of White, all proceedings in the suit subsequent to the *filing* of the declaration, were set aside by the common pleas for irregularity. Green asked for a *mandamus*, directing the common pleas to vacate the rule setting aside the proceedings.

*By the Court*, SAVAGE, Ch. J.　The common pleas did right in setting aside the proceedings. Where a suit is commenced in the common pleas of one county, the declaration cannot be served in another county. The provision in the statute that the service of a declaration may be by a sheriff, and that he may be ruled to return it, *Laws of* 1833, *p.* 394, § 2, implies that the service is to be in the county in the court of which